IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

In re.:

Heparin Products Liability Litigation         MDL No. 1953

*******************************

Ricky Hannah,

       Plaintiff                              Case No. 1:10HC60086

   v.                                            **ORDER**

Baxter Healthcare Corporation, *et al.*,

       Defendants

      This is a products liability case in which plaintiff contends that, while he was a patient at MetroHealth Medical Center on March 4, 2008, the hospital administered contaminated heparin produced by defendant Baxter Healthcare, and that he was injured as a result.

      Plaintiff has been ordered to show cause why his complaint should not be dismissed for failure to show proof of product identification. Plaintiff has responded [Doc. 11], and Baxter seeks dismissal in light of the response. [Doc. 13].

      I deny the request to dismiss the complaint.

Baxter does not appear to contest the allegation that one of its distributors sent shipments of contaminated heparin to the hospital. Baxter contends, rather, that plaintiff received his injection of heparin after it sent a recall notice.

Plaintiff contends that there is no proof that the hospital received the recall notice. He points out that, even assuming timely delivery of the notice, the hospital would have received it only a few days before he received heparin.

Baxter notes that the plaintiff has not subpoenaed the hospital's records, which might confirm when it received the recall notice and what it did after getting it. Baxter's contention implicitly assumes that the plaintiff has the burden of obtaining that information.

If that is its position, I disagree.

The recall and its efficacy are one of Baxter's defenses. It has the burden of production, at least with regard to the receipt of the recall notice. It is not incumbent on plaintiff to develop the negative that the hospital did not get the notice.

At this stage, plaintiff has asserted that contaminated Baxter heparin was on the premises shortly before he received an injection of heparin. It is now up to Baxter to find out whether its recall arrived before then and, if so, what happened thereafter.

I do not, either for this case or any other in the MDL, conclusively resolve any issues of burdens of production or proof. The parties in this case have not argued those issues.

Under the facts of this case, and without the benefit of briefing and argument, I simply conclude that in this instance Baxter is responsible for finding out whether its recall notice had, in fact arrived and been implemented before plaintiff received whatever heparin he got. This opinion has otherwise no preclusive or *res judicata* effect.

Not having made that inquiry and learned that information, Baxter cannot fault plaintiff for not having done so, and is not entitled to dismissal at this stage.

It is, therefore,

ORDERED THAT defendant Baxter Healthcare's motion for dismissal [Doc. 13] be, and the same hereby is denied, without prejudice.

So ordered.

/s/ James G. Carr
Sr. United States District Judge